UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**CINDY MITCHELL**                                                                                          **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 5:24-CV-060-CRS**

**DETECTIVE DYLAN COOK,** *et al.*                                                                      **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Cindy Mitchell filed this *pro se* prisoner civil-rights action pursuant to 42 U.S.C. § 1983. [DN 7]. The complaint is before the Court on an initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss this action.

### I.

Plaintiff alleges that officers of the Paducah Police Department knowingly allowed a confidential informant to use drugs with Plaintiff and permitted her to commit a theft. Plaintiff maintains that confidential informants "are not allowed to do these things." [DN 7 at 4]. Plaintiff asserts that if the officers were conducting a controlled buy, she should have been arrested on that date. Based on this conduct, Plaintiff sues Dylan Cook, Beau Green, and Matthew Scheer in their official capacities. Plaintiff seeks release on her underlying criminal charge and money damages.

### II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

Plaintiff sues Dylan Cook, Beau Green, and Matthew Scheer in their official capacities as officers of the Paducah Police Department. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Cook, Green, and Scheer are actually brought against their employer, the City of Paducah.

### B. Municipal Liability

"[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. When a § 1983 claim is made against a municipality such as the City of Paducah, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not assert that any of the alleged actions were taken based on a policy or custom of the City of Paducah. Accordingly, Plaintiff's official-capacity claims against

Defendants Cook, Green, and Scheer will be dismissed for failure to state a claim upon which relief may be granted.

### C. *Heck v. Humphrey*

Furthermore, Plaintiff's claims would also be barred by the principles set forth in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In *Heck*, the Supreme Court held that a state prisoner could not state a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner showed that the conviction or sentence had been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* (footnote omitted). This principle holds true whether the plaintiff seeks damages or equitable relief. *Wilkerson v. Dotson*, 544 U.S. 74, 81–82 (2005).

After Plaintiff initiated this lawsuit, she pleaded guilty in McCracken Circuit Court to the charge surrounding her allegations of constitutional violations and her request for "release on this charge." The Court takes judicial notice that in *Commonwealth v. Mitchell*, No. 24-CR-00132, in the McCracken Circuit Court, Plaintiff pleaded guilty to one count of trafficking in a controlled substance. *See Commonwealth v. Mitchell*, No. 24-CR-00132 (McCracken Circuit Court). The McCracken Circuit Court sentenced Plaintiff to 25 months suspended sentence.

Plaintiff's assertions about the alleged illegal procurement of evidence in the present case calls into question the validity of her state criminal conviction, and because Plaintiff's conviction has not been reversed on appeal or called into question in any of the ways articulated by *Heck*, she cannot proceed with this action. The appropriate place for Plaintiff to challenge the validity of her

conviction is in the Kentucky state courts, including through an appeal. Bottom line, even if her claims here were meritorious, Plaintiff's claims are barred by *Heck* unless she gets her conviction overturned. *See McNeal v. Katenbach*, No. 5:22-CV-P102-JHM, 2023 WL 3443251, at *3 (W.D. Ky. May 12, 2023); *Johnson v. Piper*, No. 4:21-CV-00089-JHM, 2022 WL 9497271, at *2–3 (W.D. Ky. Oct. 14, 2022); *Reid v. Hopkins Cnty. Fiscal Ct.*, No. 4:21-CV-P14-JHM, 2021 WL 5435241, at *6 (W.D. Ky. Nov. 19, 2021); *Vick v. Shoemaker*, No. 4:19-CV-P188-JHM, 2020 WL 4450965, at *2 (W.D. Ky. Aug. 3, 2020).

Accordingly, these claims will be dismissed for failure to state a claim in a separate Order.

Date: September 24, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4411.014